**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTONIO MARTINEZ,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **No. 2:19-cv-05606-MSG** |
| | : | |
| **THERESA DELBALSO, et al.,** | : | |
| **Respondents** | : | |

**OBJECTION TO OCTOBER 26, 2020 ORDER
SCHEDULING ON-THE-RECORD TELEPHONE CONFERENCE**

LAWRENCE S. KRASNER, District Attorney of Philadelphia County, by his representatives, Patricia Cummings and Thomas Gaeta, Assistant District Attorneys, on behalf of the Commonwealth Respondents, respectfully object to the Court's October 26, 2020 Order scheduling an on-the-record telephone conference upon consideration of the Parties' Stipulation of Dismissal. As explained below, the Court lacks jurisdiction over this action both substantively and procedurally because all claims pending in the case are moot and the Parties have jointly filed a stipulation of dismissal.

**NO FEDERAL LITIGATION REMAINS PENDING IN THIS CAUSE**

As set forth in the Parties' Stipulation of Dismissal, ECF No. 38, the Philadelphia Court of Common Pleas vacated Martinez's convictions and sentences which were the sole subject of controversy in this cause on October 23, 2020. The state court's order vacating Martinez's judgment and his subsequent release from

state custody rendered his federal challenge to that judgment moot. *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) ("habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (habeas petitions are moot where petitioner is no longer in custody and faces no collateral consequences as they no longer "present[] a case or controversy under Article III, § 2, of the Constitution").

Assuming for the sake of argument that Martinez's claims have not been mooted by the state court's grant of relief, the Parties' stipulation of dismissal procedurally ended the litigation in this case. As the Third Circuit explained in 2016:

> Every court to have considered the nature of a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) has come to the conclusion that it is immediately self-executing. No separate entry or order is required to effectuate the dismissal.
>
> Once the voluntary stipulation is filed, the action on the merits is at an end. Any action by the district court after the filing of the Stipulation of Dismissal can have no force or effect because the matter has already been dismissed. A voluntary dismissal deprives the District Court of jurisdiction over the action.

*State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406-07 (3d Cir. 2016) (cleaned up); *see also Barnes v. Morris*, No. 1:16-CV-00500, 2018 WL 338631, at *1 (M.D. Pa. Jan. 9, 2018) ("The parties have an absolute right to a dismissal by stipulation"). The Parties in this case availed themselves of that right on October 23, 2020 when Martinez filed a joint Stipulation of Dismissal of the federal litigation pursuant to Fed. R. Civ. P. 41(a), which authorizes plaintiffs to "dismiss an action without a

court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. (1)(A)(ii).

## THE STATE PROCEEDINGS

Martinez's *pro bono* counsel recently agreed to represent Martinez in the state proceedings that have been pending since March 2019, and on October 14, 2020, he made his entry of appearance (at that time, the case had an active listing on October 23, 2020). Shortly after filing his notice of appearance, *pro bono* counsel for Martinez submitted a supplemental petition providing a more thorough account of Martinez's claims. The Commonwealth filed its Response, agreeing that relief was warranted.

After reviewing the Parties' briefing and factual stipulations, the Court of Common Pleas granted Martinez's PCRA Petition on October 23, 2020, vacated his conviction and sentence, and ordered a new trial.[1] The same day the charges were nolle prosed, and Martinez was released from custody on October 26, 2020.

## REQUEST FOR RELIEF

The Court's October 26, 2020 Order specifies November 4, 2020 at 2:30 as the date and time for the Parties to attend/participate in an on-the-record telephone conference "upon consideration of the Parties' Stipulation of Dismissal"; as

---

[1] It is well established that state courts should be provided an opportunity to address constitutional violations in state judgments. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (describing the "doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.") (quotation marks omitted); *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989) (noting "the strong preference to afford state courts the first opportunity to adjudicate the claims of its prisoners").

3

discussed above, the Court lacks jurisdiction over the merits of Martinez's Petition and no further consideration is required for dismissal under Fed. R. Civ. P. 41(a).

To the extent that the Court may have identified other issues within its jurisdiction unrelated to the merits of the case, the Commonwealth respectfully requests the Court issue a new order identifying those issues. Respondents respectfully object to the Court's Order scheduling an on-the-record telephone conference, request that this objection be sustained and the Court's October 26, 2020 Order be vacated.

Respectfully submitted,

LAWRENCE KRASNER
District Attorney of Philadelphia

*/s/Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney

*/s/Patricia Cummings*
PATRICIA CUMMINGS
Supervisor, Assistant District Attorney
Conviction Integrity Unit

Date: October 29, 2020

4