# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ANTONIO MARTINEZ**<br>Prisoner No. BG9424<br>SCI-Mahanoy<br>301 Morea Rd<br>Frackville, PA 17932**,**<br><br>**Petitioner,**<br><br>v.<br><br>**THERESA DELBALSO,<br>et al.,**<br><br>**Respondents.** | **CIVIL ACTION**<br><br><br>**No. 19-5606** |

## ORDER

**AND NOW**, this 2ⁿᵈ day of November, 2020, upon consideration of Respondents' objections to the telephone conference scheduled on November 4, 2020 (ECF No. 40), it is hereby **ORDERED** that the objections are **OVERRULED** as follows:

1.    A stipulation of dismissal filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) does not terminate my inherent supervisory authority over matters before me and counsel who have entered their appearance in such matters.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  It is well established that a federal court may consider issues of a collateral nature after an action is no longer pending.  See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); Haviland v. Specter, 561 F. App'x 146, 150 (3d Cir. Mar. 20, 2014); see also Bechuck v. Home Depot U.S.A, Inc., 814 F.3d 287, 291 (5th Cir. 2016).

2.      Respondents' objections are overruled, and the conference shall occur as ordered.


                              **BY THE COURT:**


                              **/s/ Mitchell S. Goldberg**_____
                              **MITCHELL S. GOLDBERG, J.**