**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | ) | |
| **ANTONIO MARTINEZ,** | ) | |
|       **Petitioner** | ) | **No. 2:19-cv-05606-MSG** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THERESA DELBALSO, et al.,** | ) | |
|       **Respondents.** | ) | |

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF FOR LEGAL PRACTITIONERS AND LEGAL SCHOLARS**

Amici respectfully submit this motion for leave to file the attached amicus brief in support of counsel for Petitioner and Respondents in the above-captioned matter. Pursuant to Local Rule 7.1(a), a proposed order accompanies this motion.

**INTRODUCTION**

On December 1, 2020, the Court issued an Order directing counsel for Petitioner and Respondents to show cause as to why they did not violate their duty of candor for not apprising the Court sooner that a parallel state post-conviction proceeding had been reactivated, the resolution of which could potentially moot the federal habeas corpus petition pending before the Court. *See* Dkt. 52. Amici, who are legal practitioners and scholars,[1] are deeply concerned with the detrimental effect on the bar and the practice of law of a decision in this matter that the lawyers here violated their duty of candor to a tribunal. Accordingly, amici respectfully request leave to file the attached amicus brief, which they believe will assist the Court in understanding

---

[1] Amici include the individuals listed in the Appendix to the accompanying brief.

1

why counsel's actions in this matter did not implicate their duty of candor to this Court.  The parties have consented to the filing of this amicus brief.[2]

## **LEGAL STANDARD**

The participation of an amicus in a pending action is subject to the "'broad discretion' of the district court." *Wharton v. Vaughn*, No. CV 01-6049, 2020 WL 733107, at *5 (E.D. Pa. Feb. 12, 2020) (Goldberg, J.) (citation omitted).  Indeed, the Third Circuit has held that "even when an applicant is not entitled to intervene, it may still appear as a friend of the court for a limited purpose "where [the third party] can contribute to the court's understanding." *Id.* (citing *Harris v. Pernsley*, 820 F.2d 592, 603 (3rd Cir. 1987)) (emphasis deleted); *see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005), *disapproved in later proceedings on other grounds sub nom. Guidiville Band of Pomo Indians v. NGV Gaming Ltd.*, No. C 04-3955-SC, 2005 WL 5503031 (N.D. Cal. Oct. 19, 2005), *rev'd in part, vacated in part on other grounds*, 531 F.3d 767 (9th Cir. 2008) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'"). "Although there is no rule governing the appearance of an amicus curiae in the United States District Courts, the Third Circuit's application of Fed. R. App. P. 29, which governs the appearance of amici in the United States Courts of Appeals, provides guidance[.]" *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002).

---

[2] Amici certify that no counsel for any party authored the brief in whole or in part and that no party or its counsel contributed money that was intended to fund preparing or submitting this brief.  No person other than amici or its counsel contributed money that was intended to fund preparing or submitting this brief.  *See* Fed. R. App. 29(a)(4)(E).

## ARGUMENT

As it has done in other cases, the Court should exercise its "broad discretion" to grant amici leave to file the attached amicus brief. *Wharton*, 2020 WL 733107, at *5. First, amici—who are legal practitioners and scholars, many of whom, practitioners and scholars alike, teach or have taught professional responsibility, giving them particular expertise in the discipline—have a "special interest" in this case. *Alkaabi*, 223 F. Supp. 2d at 592. As set forth more fully in Section II of the brief, amici are concerned about the practical implications for lawyers and courts alike if this Court were to adopt a novel and expansive interpretation of a lawyer's duty of candor to a tribunal, as would be necessary to find that the lawyers here violated their professional obligations to the Court. Amici also have an interest in averting a lamentable outcome for lawyers who, by acting to remedy a miscarriage of justice, have fulfilled their responsibilities as "representatives of clients," "officer[s] of the legal system," and "public citizen[s] having a special responsibility for the quality of justice." Pa. R.C.P. Preamble and Scope, cmt [1].

Second, "the proffered information is timely and useful[.]" *Alkaabi*, 223 F. Supp. 2d at 592. Amici's brief is timely, as the parties have only just filed their briefs today. *See* Fed. R. App. P. 29(a)(6) (an amicus brief must be filed within 7 days of the principal brief it is supporting). And amici respectfully submit that the brief will be useful in helping the Court understand the facts of this case, the scope of a lawyer's duty of candor to a tribunal, and the potential implications for other cases of a ruling that finds a violation here.

Third, amicus status is particularly appropriate here because "an issue of general public interest is at stake." *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). As discussed in the amicus brief, the Court's show cause order implicates

3

issues of important public concern, including the critical importance of ensuring that an attorney may be deemed to have violated his or her duty of candor to the tribunal only where the representations at issue relate to matters that are *material* to a tribunal's jurisdiction or to its truth-finding process.  It also raises public concerns in that a finding of unprofessional conduct on the facts of this case could deter other prosecutors from carrying out the responsibility of a minister of justice, and private lawyers from providing zealous pro bono advocacy to persons without means, to the detriment of the administration of justice.

Finally, the parties have consented to the filing of this amicus brief, which is a relevant factor in the Court's consideration of whether to grant amicus status.  *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130 (3d Cir. 2002) ("Under Rule 29(a), a private amicus may file if all parties consent or if the court grants leave."); *contra Cobell v. Norton*, 246 F. Supp. 2d 59, 63 (D.D.C. 2003) (denying leave to file an amicus brief in part because both parties opposed the filing).

In short, amici respectfully submit that this is precisely a case in which they "can contribute to the court's understanding" of the issues, and that the Court should therefore exercise its broad discretion to grant leave to file the attached amicus brief.  *Wharton*, 2020 WL 733107, at *5.

Dated: January 8, 2021

Respectfully submitted,

/s/ David Richman
David Richman (PA 4179)
Hope A. Comisky (PA 26357)
Christen M. Tuttle (PA 206925)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
*Counsel for Amici Curiae*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of January 2021, I caused a true and correct copy of the foregoing Motion for Leave to File Amici Curiae Brief for Legal Practitioners and Legal Scholars and accompanying proposed order to be filed via this Court's electronic filing system, which will then send a notification of electronic filing to all counsel of record.

<u>/s/ David Richman</u>
David Richman